# CIRCUIT COURT OF THE CITY OF SALEM

Shirley Ann Lee

v.

David Lemon

July 17, 2006

Case No. CL05-142

BY JUDGE ROBERT P. DOHERTY, JR.

Prior to 1989, Defendant's predecessor in title excavated along their boundary line with Plaintiff's land, thereby removing the lateral support from that portion of Plaintiff's real estate. Thereafter, because of the loss of lateral support, each time it rained, soil eroded from Plaintiff's land at the excavation site. Plaintiff filed a Motion for Judgment claiming damages to her land as a result of that erosion. Defendants responded with a Special Plea in Bar arguing that Plaintiff failed to state when her cause of action arose and that the statute of limitations has long since run on any claim Plaintiff might make for loss of support. The Court finds in favor of the Plaintiff.

Easements for lateral support of land are common law negative easements pertaining to adjacent lands and exist as a matter of right.

> Every person has a natural right, *ex jure naturae*, to support to his land from the adjacent and subjacent soil. This natural right is incident to land, and the owner is as much entitled to it as he is to the land itself, without any grant by the servient owner, or any act of acquisition on his own part. It is a right therefore which the law annexes to the ownership of land, that he shall have sufficient support for his ground from the subjacent and adjacent soil.

*Stevenson v. Wallace*, 68 Va. (27 Gratt.) 77, 86-87 (1876). This natural right of support is an easement appurtenant to the dominant land and imposes a continuing duty on the servient land. Both the obligation imposed and the benefit granted passes with the ownership of the land to which it is appurtenant. Both run with the land. *United States v. Blackman*, 270 Va. 68, 77 (2005).

The duty to provide lateral support for adjoining land is a continuing obligation that is not abandoned by the dominant landowner so long as the need for it remains. Each time damage occurs to the dominant land because of the loss of lateral support, such as when soil erodes, a compensable injury occurs. When lateral support is removed it is the subsequent injury, coupled with the lack of lateral support, that starts the statute of limitations running, not the original excavation.

Here, the wrongful act committed by the Defendants is the failure to provide lateral support for the dominant tract of land. They are liable for all damages flowing from that failure. Each erosion that occurs as a result of that failure inflicts a new injury and gives rise to a new cause of action. *Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235, 240 (1987). The parties properly cite the five-year statute of limitations for property damage contained in § 8.01-243(B), Code of Virginia (1950), as amended. Plaintiff can claim damages only for the five-year period immediately prior to the filing of his lawsuit.

Defendant's Special Plea in Bar is denied.