# CIRCUIT COURT OF THE CITY OF SALEM

Shirley Ann Lee

v.

David Lemon
and Sheree Lemon

May 29, 2012

Case No. CL11-155

By Judge Robert P. Doherty, Jr.

Plaintiff filed a complaint requesting damages and injunctive relief for the failure of adjoining landowners, and the failure of their adjoining land, to provide lateral support for her real estate. This issue has been raised numerous times in the past by the Plaintiff's filing a lawsuit and the subsequent nonsuit of the same. The matter has not been tried on its merits. Defendants previously raised the statute of limitations as a defense, and the Court ruled on that motion in *Lee v. Lemon*, 71 Va. Cir. 283 (2006). Reminiscent of their original Plea to the Statute of Limitations, Defendants have now filed a Plea of Laches, using the same basic argument they previously made regarding the statute of limitations. Defendants have also filed a Demurrer, claiming that because they are the successor in title to the previous landowner who actually removed the lateral support from Plaintiff's adjoining land, there does not exist, and Plaintiff has not alleged, a theory of law that would make them liable to Plaintiff. In reality, a discussion and close examination of the underlying theories of law included in this Court's prior opinion in *Lee v. Lemon, supra*, resolves these questions.

## Laches

More than a century ago, the Supreme Court of Virginia declared, "[i]t is an ancient principle of the common law that every land owner has the right to lateral support for his soil in the adjoining land of his neighbor. This, indeed is a natural right . . . incident to the land itself, and is therefore property." *Sterns v. City of Richmond*, 88 Va. 992, 995 (1892). A landowner's duty to

provide lateral support for his neighbor's land is a continuing obligation that is not abandoned by the dominant landowner so long as the need for it remains. That means that it is a constant obligation. There is never a time when the requirement to provide lateral support does not exist. Each day and each moment that lapses without lateral support being provided can potentially give rise to new damages and, in theory, to a new cause of action.

Because a property right is at issue in lateral support cases, the five-year statute of limitations for damage to property contained in § 8.01-243(B), Code of Virginia (1950), as amended, applies. Plaintiff is statutorily barred from seeking compensation for damages that occurred more than five years prior to suit. In this case, however, Plaintiff is also seeking equity by requesting injunctive relief to require Defendants to provide lateral support. It is in this context that Defendants have filed their Plea of Laches. The doctrine of laches "does not apply an absolute rule such as a statute of limitations, but instead, the court examines each case in light of the particular circumstances." *Morris v. Mosby*, 227 Va. 517, 521 (1984).

The damage here is claimed to be the result of a continuous or newly occurring harm. It is not the harm that occurred at the time of the first excavation. It is instead a harm that continues daily because of the failure of Defendants' adjoining land to provide the required lateral support necessary to keep Plaintiff's land from eroding or subsiding. On each occasion that erosion and subsidence occurs to Plaintiff's land as a result of Defendants' continuing failure to provide adequate lateral support, a new injury is inflicted, thereby giving rise to a new cause of action. *Hampton Roads Sanitation Dist. v. McDonnell*, 234 Va. 235, 240 (1987). This duty and obligation runs with Defendants' servient land, just as the benefit continues to run with, and for the advantage of Plaintiff's dominant land. The circumstances of this particular case render the doctrine of laches inapplicable, as the allegations are that new injuries and new failures to provide lateral support continue to occur. If laches were to apply, it would apply to old injuries and actions, which we are not dealing with in this case.

*Demurrer*

Defendants argue that, because their predecessor in title removed the lateral support from Plaintiff's adjacent land, they themselves did nothing wrong, were not negligent, and therefore no theory of liability exists against them. That is an incorrect argument and disregards entirely the common law concept of the inherent obligation and strict duty of the servient land to provide lateral support for the adjacent dominant land. As previously stated, both hereinabove and in the prior opinion in this matter, the obligation of Defendants' land to provide lateral support for Plaintiff's land does not go away merely because of the passage of time. It is always an obligation

of Defendants' land to provide the lateral support for Plaintiff's land so as to prevent it from eroding or subsiding from its natural state. The fact that someone in the past, in this case a predecessor in title to Defendants, actually removed the lateral support from Plaintiff's land does not mean that the duty and obligation no longer exists. That duty and obligation runs with the land. When Defendants bought their land, they also obtained and undertook the appurtenant servitude to provide lateral support to Plaintiff's land, whether they wanted it or not.

If Defendants' argument was correct, the mere negligence or intentional act of a prior owner in removing lateral support from the adjacent land would eliminate the common law obligation or negative easement of lateral support pertaining to adjoining lands that exist as a matter of right. The obligation to provide lateral support would no longer run with the land. It would simply disappear. That is not the law in Virginia.

Defendants' reliance on *Large v. Clinchfield Coal Co.*, 239 Va. 144 (1990), to support their position is not persuasive. In that case, by comparing lateral support of land to subjacent support of land and by paraphrasing the Supreme Court's language to fit the facts of this case, the lack of negligence on the part of Defendants' in removing lateral support is not a defense to their failure to continue to provide lateral support to Plaintiff's adjacent land. That is because Plaintiff's right to have her land supported laterally by Defendants' land simply does not go away.

The cases cited by Defendants from foreign jurisdiction, both in support of and in opposition to their position in this case, were helpful and interesting. Notwithstanding that extensive research, Defendants' Demurrer and Plea of Laches are both overruled for the reasons set forth herein.